SD:PP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

STEVEN MENDEZ,

          Defendant.

- - - - - - - - - - - -X

COMPLAINT

(T. 18, U.S.C., § 2422(b))

20-MJ-201

EASTERN DISTRICT OF NEW YORK, SS:

      DAMON GERGAR, being duly sworn, deposes and states that he is a Detective with the New York City Police Department and Task Force Officer with the Border Enforcement Security Task Force with the Department of Homeland Security, duly appointed according to law and acting as such.

      On or about January 30, 2020 through February 25, 2020, within the Eastern District of New York and elsewhere, the defendant STEVEN MENDEZ did, using the mail or a facility or means of interstate commerce, knowingly attempt to persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in any sexual activity for which any person can be charged with a criminal offense.

      (Title 18, United States Code, Section 2422(b)).

      The source of your deponent's information and the grounds for his belief are as follows[1]:

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances

2

1.      I am a detective employed by the New York City Police Department. I have been a detective for over 11 years, including being assigned to the Vice Major Case Squad for approximately eight years and a Task Force Officer for more than two years with Border Enforcement Security Task Force with the Department of Homeland Security. My responsibilities include investigations of cases involving the promotion of a sexual performance by a child through the use of electronic devices and the internet, possession and distribution of child pornography through the use of electronic devices and the internet, as well as dissemination of indecent material to minors, and other incidents of the exploitation of children on the internet. I have gained expertise in this area through training in classes and daily work related to conducting these types of investigations. As part of my responsibilities, I have been involved in the investigation of numerous child pornography and child exploitation cases.

2.      I have personally participated in the investigation of the offenses discussed below. I am familiar with the facts and circumstances of this investigation from: my personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

3.      On or about January 30, 2020, I began working in an undercover capacity via an Internet-connected smartphone to conduct an investigation into the defendant, STEVEN MENDEZ. A confidential source ("CS") told law enforcement that he had previously met the defendant for sex at the defendant's apartment in Brooklyn, New York and

---

of which I am aware.

watched child pornography with him, and that, during that meeting, the defendant expressed a desire to the CS to have sex with underage children. The CS, who used the moniker "buddha4life," and only knew the defendant by the username "kevin_hoe" on a mobile chat application, gave me permission to use the CS's phone and moniker to communicate with MENDEZ on the chat application.[2] All the chats between the defendant and I discussed below have been conducted on a telephone that is now controlled by the Department of Homeland Security. For the conversations discussed below in paragraphs four to 13, I have captured and maintained them by recording videos of the conversations and downloading the data from the chat application.

4. On or about January 30, 2020, I pretended to be "buddha4life" and contacted "kevin_hoe," later identified as the defendant, STEVEN MENDEZ, through the mobile chat application. I pretended that I sexually abused my three year old nephew when I babysat. The defendant immediately expressed a desire to watch. Later in that conversation, when discussing the next time I would babysit, the defendant stated "so there might be a chance I can fuck him," and "send me pics of him I need to see him naked." When asked what he would want to do with the nephew, the defendant stated "Pick him up and eat his ass and get him to suck you off. Not sure yet."

---

[2] The CS is indicted for attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b) and possession of child pornography in violation of 18 U.S.C. § 2252, and is currently in custody. He is providing information to the government with the hope to receive a cooperation agreement. As discussed below, the information the CS provided merely allowed law enforcement to begin an undercover conversation with the defendant and it is my conversations with the defendant, and not the information the CS provided, that I respectfully submit supports probable cause that the defendant committed the charged offense.

5. After that initial conversation, the defendant repeatedly contacted me. For example, on February 11, 2020, the defendant messaged me "We babysitting tomorrow?" When I did not respond, the defendant messaged me again on February 12, February 15, and February 20, 2020. When I finally responded on February 21, 2020, the defendant expressed concern that I had "got[ten] caught." The defendant then stated "I want to shove my dick in your nephew." Later, the defendant reiterated, "I really want your nephew."

6. When we talked more about meeting at the three-year-old's mother's home in New Jersey when I was supposedly babysitting, the defendant, STEVEN MENDEZ, expressed concern about the house having hidden cameras and the neighbors seeing him. During a separate conversation on or about February 22, 2020, when the defendant expressed concern that the victim may say something, I reiterated that the child was not even three years old so "he can't even really talk much," and the defendant responded "wow that's hot."

7. The defendant also expressed a desire to sexually assault other children. When I discussed having oral sex with a 14-year-old, he said I "should [have] recorded it" using a hidden camera. He also said he wanted to get the 14-year-old "shit face drunk like knocked out I don't want him to remember anything." He later said "I still want to fuck him … but without his consent."

8. During the course of these conversations, I and other law enforcement agents conducted an investigation to determine the true identity of "kevin_hoe," the individual communicating with me through the CS's phone. Law enforcement agents determined that the "kevin_hoe" account on the mobile chat application used the same e-mail address that the defendant, STEVEN MENDEZ, listed on his United States passport application. In addition,

the user "kevin_hoe" on one occasion in February 2020 logged into the mobile chat application using an IP address that is associated with home internet access from an address in Brooklyn, New York that is registered to the defendant's father. Subsequent investigation determined that the defendant lives at this address.

9. On February 21, 2020, I told the defendant, STEVEN MENDEZ, that I was going to babysit my nephew on February 25, 2020 at his mother's house in Jersey City, New Jersey. During the course of this conversation, the defendant stated that he could arrive at 11:00 p.m. When I said that the time was late, the defendant stated "If it's late we'll we're fucking him all night." The defendant then described in explicit terms the sexual acts he wanted to perform on the three-year-old child. The defendant also reiterated his desire to record this abuse. The defendant described the three year old as the "perfect little victim."

10. On that same day, I messaged the defendant that we would meet at the nephew's mother's house at an address on Greene Street in Jersey City, New Jersey to babysit the three year old. The defendant asked how to take the train to the location.

11. During the course of these conversations, the defendant, STEVEN MENDEZ, stated that he wanted me, him, and my nephew to wear masks when he recorded the abuse. The defendant stated that he ordered the masks off of Amazon, and later, on February 23, 2020, sent a picture of an individual wearing the mask. The defendant stated "going to be a hot porno."

12. On February 25, 2020, I asked the defendant, STEVEN MENDEZ, how he was feeling and the defendant responded "nervous but excited." The defendant also stated that he was "going to put my dick inside him." The defendant also reiterated that he wanted

6

to record the abuse.  Later that day, the defendant said that he was packing lubricant, condoms, towels, and the masks.

13.     On February 25, 2020, at approximately 6:25 p.m., the defendant STEVEN MENDEZ messaged me that he was going to walk his dog and then travel to meet me in New Jersey.  Shortly thereafter, law enforcement observed an individual matching the description of the defendant exit the defendant's residence in Brooklyn, New York with a dog, and then return to the residence.  At approximately 6:40 p.m., law enforcement observed the defendant leave his residence again.  At approximately 7:45 p.m., the defendant messaged me that he had arrived at the location in New Jersey.  At that time, I and other law enforcement officers observed the defendant outside the address on Greene Street.  Law enforcement then approached the individual, who responded to the name "Steven," and placed him under arrest.  At the time of his arrest, the defendant possessed lubricant, condoms, and baby wipes, as well as the masks described above that he said we would wear when recording the sexual abuse of the three-year-old.

14.     After his arrest, I read the defendant, STEVEN MENDEZ, his Miranda rights, which he waived, and he signed a Miranda waiver form.  The defendant then admitted that he wrote the messages quoted above.  The defendant admitted that he intended to sexually abuse the three year old discussed above and described in explicit terms the sexual acts he planned to do if law enforcement did not intervene.  The defendant admitted he traveled to New Jersey with the intent to videotape the abuse of the three-year-old child.  In addition, the defendant also admitted that he possessed child pornography at his apartment

7

and on one of the mobile phones he had on him at the time of the arrest, and the defendant voluntarily showed law enforcement the child pornography videos on the mobile phone.

WHEREFORE, your deponent respectfully requests that the defendant STEVEN MENDEZ be dealt with according to law.

*Det. DG #207*

DAMON GERGAR
Task Force Officer
United States Department of Homeland Security,
Homeland Security Investigations

Sworn to before me this
26th day of February, 2020

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK